GARY M. ROBERTS (State Bar No. 132452)
groberts@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

BONNIE LAU (State Bar No. 246188)
blau@sonnenschein.com
KAREN C. MARCHIANO (State Bar No. 233493)
kmarchiano@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendants
McKesson Corporation, KV Pharmaceutical Company,
Ethex Corporation and Ther-Rx Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. TUCKER, on his behalf and on behalf of all statutory beneficiaries of MICHELLE L. TUCKER, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>MCKESSON CORPORATION, K-V PHARMACEUTICAL COMPANY, ETHEX CORPORATION and THER-RX CORPORATION,<br><br>Defendants. | Case No. C 10-02981 JL<br><br>NOTICE TO PLAINTIFF AND HIS ATTORNEYS THAT ACTION HAS BEEN REMOVED TO FEDERAL COURT |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. sections 1332, 1441(a), and 1446, this action has been removed to the United States District Court for the Northern District of California. Copies of the Notice Of Removal Of Civil Action filed in the District Court and the Notice That Action Has Been Removed filed in the Superior Court of California for the County of San Francisco are attached (without their exhibits) as Exhibit A.

All further proceedings in this actions shall take place before the United States District Court for the Northern District of California.

Dated: July 8, 2010

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____
GARY M. ROBERTS
KAREN C. MARCHIANO
BONNIE LAU

Attorneys for Defendants
McKesson Corporation, KV Pharmaceutical Company, Ethex Corporation and Ther-Rx Corporation

27349191

Case No.

-1-

NOTICE TO PLAINTIFF THAT ACTION HAS BEEN REMOVED TO FEDERAL COURT

# EXHIBIT A

GARY M. ROBERTS (State Bar No. 132452)
groberts@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

BONNIE LAU (State Bar No. 246188)
blau@sonnenschein.com
KAREN C. MARCHIANO (State Bar No. 233493)
kmarchiano@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendants
McKesson Corporation, KV Pharmaceutical Company,
ETHEX Corporation and Ther-Rx Corporation

ORIGINAL FILED
JUL -7 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. TUCKER, on his behalf and on behalf of all statutory beneficiaries of MICHELLE L. TUCKER, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>MCKESSON CORPORATION, K-V PHARMACEUTICAL COMPANY, ETHEX CORPORATION and THER-RX CORPORATION,<br><br>Defendants. | Case No. CV 10 2981 JL<br><br>NOTICE OF REMOVAL |

Case No.                                                                                                NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(a), defendants McKesson Corporation, KV Pharmaceutical Company, ETHEX Corporation and Ther-Rx Corporation (collectively, "Defendants") hereby remove to this Court the action described herein and respectfully submit the following statement of grounds for removal:

### THE SUPERIOR COURT ACTION

1. On June 8, 2010, an action was commenced in the Superior Court of the State of California for the County of San Francisco, entitled "*David R. Tucker, on his behalf and on behalf of all statutory beneficiaries of Michelle L. Tucker, Deceased v. McKesson Corporation, et al.*," Case No. CGC-10-500528 (the "Superior Court Action"), asserting causes of action for product liability and wrongful death.

### SERVICE

2. The Summons and Complaint in the Superior Court Action were served upon ETHEX Corporation and Ther-Rx Corporation on June 11, 2010, and upon McKesson Corporation on June 10, 2010. Defendant KV Pharmaceutical Company has not yet been served. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

3. All Defendants consent to the removal of this action.

4. Attached hereto as Exhibit A are true and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Management Conference, and ADR papers, which constitute all process, pleadings, or orders served upon Defendants in the Superior Court Action. Defendants have also included with Exhibit A their Answer to the Complaint filed in the Superior Court Action.

### JURISDICTION

5. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a).

### INTRADISTRICT ASSIGNMENT (LOCAL RULE 3-5(B);

6. Although Defendants believe that defendant McKesson Corporation has been fraudulently joined and that the proper venue for this lawsuit is outside California, for purposes of this notice of removal, Defendants assert that this action should be assigned to the San Francisco Division or the Oakland Division, as Plaintiff alleges that defendant McKesson Corporation "engaged in substantial commerce and business activity in the County of San Francisco." (Complaint ¶ 12.) Defendants are contemplating filing a motion to transfer venue away from the Northern District of California pursuant to 28 U.S.C. § 1404(a).

### DIVERSITY OF CITIZENSHIP

7. Plaintiff David R. Tucker is a citizen and resident of the State of Indiana.

8. Defendant McKesson Corporation is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

9. Defendant KV Pharmaceutical Company is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Missouri.

10. Defendant ETHEX Corporation is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri.

11. Defendant Ther-Rx Corporation is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri.

12. Because Plaintiff is a citizen of a different state than each of the Defendants, diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

Case No.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NOTICE OF REMOVAL

## THE FRAUDULENT JOINDER OF A CALIFORNIA CITIZEN

13. As set forth below, Plaintiff's joinder of McKesson Corporation ("McKesson"), the putative resident defendant, is fraudulent and constitutes a sham claim against the only resident defendant in this action. In such a circumstance, a federal court will disregard the sham party for purposes of determining whether diversity jurisdiction exists.

14. Plaintiff purports to sue McKesson for allegedly "distribut[ing] the morphine ingested" by the decedent, and on the basis of that allegation, asserts causes of action for product liability and wrongful death. Compl., at ¶¶ 4, 21-29. Plaintiff alleges that on or about October 24, 2008, the decedent "filled her prescription [for Morphine Sulfate IR Tablets] at a CVS Pharmacy in Clinton, Indiana." *Id.*, at ¶ 20. McKesson, however, does not distribute morphine sulfate IR Tablets to the one CVS Pharmacy located in Clinton, Indiana. Declaration of Irene Go at ¶¶ 3,4. Accordingly, McKesson did not and could not have distributed the Morphine Sulfate IR Tablets allegedly obtained by the decedent in October 2008 from the CVS Pharmacy in Clinton, Indiana. All of the claims in the Superior Court Action are based upon the decedent's ingestion of one or more morphine sulfate IR tablets obtained from the Clinton, Indiana CVS Pharmacy in October 2008.

15. Because Plaintiff's purported claim against McKesson is factually baseless and fails to state a cause of action, McKesson was "fraudulently joined for diversity and removal purposes," and its presence is disregarded in determining jurisdiction. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-1320 (9th Cir. 1998). The only arguably-viable causes of action are against KV Pharmaceutical Company, ETHEX Corporation and Ther-Rx Corporation, all foreign defendants, and therefore this matter involves parties of completely diverse citizenship and residency.

## AMOUNT IN CONTROVERSY

16. The amount in controversy must exceed $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). When a complaint fails to specify the amount of damages sought, the removing defendant must prove the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

17. It is facially apparent from the complaint's factual allegations that the $75,000 jurisdictional amount is satisfied here. Plaintiff brought this action against Defendants for the alleged wrongful death of Michelle L. Tucker, who is survived by her spouse and three dependent children. Compl., at ¶ 28. Plaintiff has not stated a specific damage amount but "demands judgment . . . in an amount in excess of Fifty Thousand ($50,000) Dollars." Compl., at Prayer for Relief.[1] California district courts have held that a wrongful death claim, on its face, is sufficient to establish the requisite $75,000 amount in controversy. *Kammerdiener v. Ford Motor Co.*, 2010 U.S. Dist. LEXIS 23522, *5-6 (C.D. Cal. Feb. 24, 2010) ("That Plaintiffs are seeking recovery for wrongful death is sufficient to establish that the amount in controversy exceeds $ 75,000 on the face of the Complaint."); *see also Corbelle v. Sanyo Elec. Trading Co.*, 2003 U.S. Dist. LEXIS 20339, *12 (N.D. Cal. Nov. 4, 2003) ("This is not a case where the complaint alleges wrongful death or permanent disability or other such facts that would clearly establish an amount in controversy in excess of $ 75,000."); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (holding that it was facially apparent from complaint that jurisdictional amount was exceeded because the plaintiff alleged "claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses"). Based on the complaint's allegations, it is evident that the amount of damages sought in this action exceeds $75,000. Removal of this action is therefore proper.

ORIGINAL JURISDICTION

16. The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332(a), in that Plaintiff and all Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. The case is therefore one that Defendants may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446. The removal is effected within thirty days of service of the Complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446(b).

---

[1] California Code of Civil Procedure § 425.10(b) expressly prohibits the plaintiff in a wrongful death case from stating how much money he demands.

-4-

Case No.                                                                                                                   NOTICE OF REMOVAL

| | |
|---|---|
| 1  Dated: July 7, 2010 | SONNENSCHEIN NATH & ROSENTHAL LLP |
| 2 | |
| 3 | |
| 4 | By: _____ |
| 5 | GARY M. ROBERTS<br>KAREN C. MARCHIANO<br>BONNIE LAU |
| 6 | Attorneys for Defendants |
| 7 | McKesson Corporation, KV Pharmaceutical Company, ETHEX Corporation and Ther-Rx Corporation |

27349111

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

## PROOF OF SERVICE

I, Diane Donner, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court and at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Sonnenschein Nath & Rosenthal, 525 Market Street, 26th Floor, San Francisco, California 94105.

On July 7, 2010, I served the foregoing document, described as

### NOTICE TO STATE COURT THAT ACTION HAS BEEN REMOVED TO FEDERAL COURT

on the interested parties in this action in the manner so indicated, by placing a true copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, addressed as follows:

Joshua S. Parilman  **Attorneys for Plaintiffs**
Lowell W. Finson
Phillips National Injury Group
20 East Thomas Road, Suite 2600
Phoenix, AZ 85012

☐ U.S. MAIL: I am personally and readily familiar with the business practice of Sonnenschein Nath & Rosenthal for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

☐ FACSIMILE TRANSMISSION: I caused such document to be sent by facsimile transmission at the above-listed fax number for the party.

☒ FEDERAL EXPRESS: I served the within document in a sealed Federal Express envelope with delivery fees provided for and deposited in a facility regularly maintained by Federal Express.

☐ HAND DELIVERY: I caused such document to be served by hand delivery via First Legal Attorney Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 7, 2010, at San Francisco, California.

*Diane Donner*
DIANE DONNER

GARY M. ROBERTS (State Bar No. 132452)
SONNENSCHEIN NATH & ROSENTHAL LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

BONNIE LAU (State Bar No. 246188)
SONNENSCHEIN NATH & ROSENTHAL LLP
KAREN C. MARCHIANO (State Bar No. 233493)
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendants
McKesson Corporation, KV Pharmaceutical Company,
Ethex Corporation and Ther-Rx Corporation

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DAVID R. TUCKER, on his behalf and on behalf of all statutory beneficiaries of MICHELLE L. TUCKER, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>MCKESSON CORPORATION, K-V PHARMACEUTICAL COMPANY, ETHEX CORPORATION and THER-RX CORPORATION,<br><br>Defendants. | Case No. CGC 10-500528<br><br>NOTICE TO STATE COURT THAT ACTION HAS BEEN REMOVED TO FEDERAL COURT |

NOTICE OF REMOVAL TO STATE COURT

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE THAT, on July 7, 2010, defendants McKesson Corporation, KV Pharmaceutical Company, ETHEX Corporation and Ther-Rx Corporation removed this action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1332, 1441(a), and 1446. A copy of the Notice Of Removal Of Civil Action (without exhibits) is attached hereto as Exhibit "A".

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1446(d), filing the Notice Of Removal Of Civil Action in the United States District Court followed by filing this notice with this Court effected the removal of this action, and this Court may not proceed further unless and until the action is remanded.

Dated: July 7, 2010

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____
GARY M. ROBERTS
KAREN C. MARCHIANO
BONNIE LAU

Attorneys for Defendants
McKesson Corporation, KV Pharmaceutical Company, Ethex Corporation and Ther-Rx Corporation

27349194